J. A16027/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RAYMOND SOSA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 3953 EDA 2017 |
| SEBASTIAN RODRIGUEZ & | : | |
| THE IBS GROUP, LLC | : | |

Appeal from the Judgment Entered November 20, 2017,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 151105717

BEFORE: BENDER, P.J.E., LAZARUS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED AUGUST 07, 2019**

Raymond Sosa appeals the November 20, 2017 judgment entered in the Court of Common Pleas of Philadelphia County after a jury returned a verdict against appellant and in favor of Sebastian Rodriguez ("Rodriguez") and IBS Group, LLC ("IBS") (collectively, "appellees").[1] After careful review, we affirm.

The record reflects that appellant initiated a personal-injury action against appellees for alleged injuries suffered in a June 8, 2014 motor vehicle accident. On that date, appellant's vehicle was stopped at a traffic light. A

---

[1] The caption initially stated that the appeal was taken from the November 8, 2017 order that denied appellant's post-trial motions. Because the appeal is properly taken from the November 20, 2017 entry of judgment, we corrected the caption.

vehicle operated by Lavette Carson ("Carson")[2] was stopped behind appellant's vehicle. Rodriguez, who was operating a motor vehicle owned by his employer, IBS, struck Carson's vehicle from behind which caused Carson's vehicle to rear-end appellant's vehicle. Appellant alleged that he suffered various injuries, including lumbar disc herniations, lumbar sprains and strains, thoracic sprains and strains, and cervical sprains and strains. (*See* third amended complaint in personal injury, 3/14/16 at 2-9; *see also* notes of testimony, 10/11/17 at 29-30.)

The record further reflects that during pre-trial motions, appellant's counsel, Mark F. Greenfield, and appellee's counsel, Lauren Glynn, had a dispute over a stipulation. Attorney Greenfield claimed that the parties had stipulated that Rodriguez was 100 percent liable and that the only issue for the jury's consideration was damages. (Notes of testimony, 10/11/17 at 6-7.) Attorney Glynn disagreed, contending that she stipulated to Rodriguez's liability only insofar as he caused the accident, but not that the accident caused appellant's injuries. (*Id.* at 10.) The trial court ruled that the stipulation only included liability for negligence in causing the accident, and not that the accident caused appellant's injuries.[3] (*Id.* at 13.)

---

[2] Carson is no longer a party to this litigation.

[3] We note that appellant claims that "the trial court had determined that it was going to let counsel for [a]ppellee change her mind regarding the stipulation" based on the trial court's statement that Attorney Glynn "is changing her mind." (Appellant's brief at 9; *see also* notes of testimony, 10/11/17 at 11.) Appellant fails to include Attorney Glynn's statement that

At trial, appellant testified and both sides presented medical testimony. During appellant's cross-examination, Attorney Glynn utilized appellant's medical records to impeach his direct testimony. Attorney Greenfield objected to the use of the records. The trial court overruled the objections. On October 12, 2017, the jury returned a verdict in favor of appellees, finding that Rodriguez's negligence was not a factual cause of appellant's injuries. (Notes of testimony, 10/12/17 at 63.)

On October 13, 2017, appellant filed a motion for post-trial relief and sought a new jury trial limited to the issue of damages because the "[v]erdict [s]heet improperly included a question of whether [Rodriguez's] negligence was a factual cause in bringing about [appellant's] harm, despite the fact that [Rodriguez] had long since stipulated to 100 [percent] *liability* in this matter." (Plaintiff's motion for post-trial relief, 10/13/17 at 3, ¶ 14 (emphasis in original).) On November 8, 2017, the trial court denied appellant's post-trial motion. On November 20, 2017, judgment was entered on the verdict. On the same day, appellant filed a notice of appeal to this court. The trial court then ordered appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. Thereafter, the trial court filed its Rule 1925(a) opinion.

---

she "can certainly represent to [the trial court] that [she was] not changing [her] mind." (Notes of testimony, 10/11/17 at 13.) Attorney Glynn claimed that she had "extensive conversations" with Attorney Greenfield's associate during which she "repeatedly" stated that she would not stipulate that the accident caused the injuries. (*Id.*)

Appellant raises the following issues for our review:

1. Did the trial court err in permitting [a]ppellee[s] to change a stipulation of liability on the first day of trial?

2. Did the trial court err in including a question on the verdict slip, asking the jury whether [a]ppellee[s'] negligence was a factual cause of [a]ppellant's injuries?

3. Did the trial court err in permitting evidence to be read to the jury without being authenticated first?

4. Did the trial court err in permitting hearsay evidence, offered for the truth of the matter asserted, to be read to the jury?

Appellant's brief at 4.

Appellant's first and second issues are interrelated. In those issues, appellant contends that the trial court erred in denying his motion for a new trial because it disregarded the parties' stipulation as to liability, an error that caused the jury to improperly consider whether Rodriguez's negligence caused appellant's injuries.

"[W]hen reviewing the denial of a motion for new trial, we must determine if the trial court committed an abuse of discretion or error of law that controlled the outcome of the case." *Estate of Hicks v. Dana Companies, LLC*, 984 A.2d 943, 951 (Pa.Super. 2009) (*en banc*), *appeal denied*, 19 A.3d 1051 (Pa. 2011) (citations omitted).

> The Pennsylvania rule on stipulations is long-settled: parties may bind themselves, even by a statement made in court, on matters relating to individual rights

> and obligations, so long as their stipulations do not affect the court's jurisdiction or due order of business. . . .
>
> The courts employ a contracts-law analysis to interpret stipulations, so that the intent of the parties is controlling.

***Tindall v. Friedman***, 970 A.2d 1159, 1165 (Pa.Super. 2009), quoting ***Tyler v. King***, 496 A.2d 16, 21 (Pa.Super. 1985).

Pennsylvania Rule of Civil Procedure 201 provides that "[a]greements of attorneys relating to the business of the court shall be in writing, except such agreements at bar as are noted by the prothonotary upon the minutes or by the stenographer on the stenographer's notes." Pa.R.Civ.P. 201. Philadelphia Local Civil Rule of Court 201 provides that "[s]tipulations not requiring judicial approval[4] shall be filed with the Office of Judicial Records" and "[s]ervice shall be made upon all counsel and unrepresented parties." Pa.Phila.Civ.R. 201(B).

Here, the record reflects that during pre-trial motions, Attorney Greenfield claimed that the parties stipulated that Rodriguez was 100 percent liable and that the only issue for the jury's consideration was damages. The record further reflects that although Attorney Greenfield stated that he had a "document that clearly indicates" that "it's [100] percent liability, ***which is taken to mean liability, negligence and factual cause***,"

---

[4] Local Rule 201(A)(1)-(5), which is not applicable here, sets forth the stipulations that require court approval.

Attorney Greenfield did not present the alleged "document" to the trial court.[5] (Notes of testimony, 10/11/17 at 11 (emphasis added).) Conversely, Attorney Glynn contended that the parties stipulated that Rodriguez caused the accident, but that the parties did not stipulate that the accident caused appellant's injuries. (*Id.* at 10, 13.) Attorney Glynn further stated that although she did "have it in a letter," she "didn't have the letter with [her]" but could bring it to the trial court.[6] (*Id.* at 13.) On the basis of this pre-trial argument, the trial court determined that the stipulation was limited to Rodriguez's assuming 100 percent liability for causing the accident, which is what the parties agreed to on the record. In its Rule 1925(a) opinion, the trial court further explained its determination as to the scope of the stipulation as follows:

> No writing was presented to the court. At trial, there was no agreement about what were or would have been its purported terms. Under these circumstances, the court was constrained to limit the parties' stipulation to that upon which they did agree namely

---

[5] We note that appellant attached to his post-trial motion copies of email exchanges between his firm and counsel for appellees wherein Attorney Glynn wrote that her clients stipulate, among other things, that "[l]iability is 100 [percent] on Defendant, Sebastian Rodriguez." (Plaintiff's motion for post-trial relief, 10/13/17 at Exhibit A.) Even if appellant had presented this email to the trial court during pre-trial motions, the email would not have resolved the parties' dispute as to the meaning of "100 [percent] liability."

[6] The record is unclear as to what "letter" Attorney Glynn was referring to. We note, however, that the record does contain a letter dated June 9, 2017 from Attorney Neil R. Gallagher of Attorney Greenfield's office that confirms that Rodriguez "accepts full liability for causing the entirety of the three car accident." (Defendant's reply to plaintiff's post-trial motion, 10/17/17 at Exhibit H.)

that [Rodriguez] was negligent.  The appeal on this ground is baseless.[Footnote 4]

> [Footnote 4] [Appellant] also argues that since [Rodriguez] agreed to "100 [percent] liability" and since stipulations are subject to contract interpretation, the law requires that "100 [percent] liability" must be construed to mean that [Rodriguez] agreed that his negligence caused [appellant's] injuries.  In this respect, it appears that [appellant] sought to prove an oral contract, the terms of which were contained in written correspondence and verbal discussion.  There was no evidence adduced on the existence of a contract, other than the oral representations of [appellant's] counsel.  Accordingly, the court was guided by the requirement under Pa.R.C.P. No. 201 that a stipulation must be in writing and finding no writing, did not reach any questions of "contract interpretation."

Trial court opinion, 2/6/18 at 5-6 (citation omitted).

Our review of the record reveals that the trial court did not commit an error of law or abuse its discretion when it limited the parties' stipulation to the terms the parties agreed to on the record.  The record clearly demonstrates that during pre-trial motions, the parties disputed the meaning of "100 percent liability."  Based upon those arguments, the trial court determined that the parties only agreed that Rodriguez caused the accident, but that they did not agree that the accident caused appellant's alleged injuries.  As such, the trial court limited the scope of the stipulation to what the parties agreed to on the record, which was that Rodriguez caused the

accident. We further note that there is no written stipulation between Attorney Greenfield and Attorney Glynn demonstrating that they agreed that Rodriguez caused the accident and that the accident caused appellant's injuries. Accordingly, we discern no error or abuse of discretion.

Appellant's third and fourth issues are also interrelated. Appellant claims that the trial court erred in permitting Attorney Glynn to use appellant's medical records to cross-examine appellant because the records were not authenticated and they constituted inadmissible hearsay.

> Admission of evidence is within the sound discretion of the trial court and we review the trial court's determinations regarding the admissibility of evidence for an abuse of discretion. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

*Estate of Hicks v. Dana Companies, LLC*, 984 A.2d 943, 961 (Pa.Super. 2009) (*en banc*), *appeal denied*, 19 A.3d 1051 (Pa. 2011) (citations omitted).

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Pa.R.E. 801. Extrinsic evidence is admissible for impeachment purposes pursuant to Pa.R.E. 613(b) which provides:

> (b) Extrinsic evidence of prior inconsistent statement of witness. Unless the interests of justice otherwise require, extrinsic evidence of a prior inconsistent statement by a witness is admissible only if, during the examination of the witness,

(1)    the statement, if written, is shown to, or if not written, its contents are disclosed to, the witness;

(2)    the witness is given an opportunity to explain or deny the making of the statement; and

(3)    the opposing party is given an opportunity to question the witness.

Pa.R.E. 613(b).

Here, Attorney Glynn used certain of appellant's medical records which were provided by appellant during discovery in order to impeach appellant's direct-examination testimony. Prior to questioning appellant on statements he made to medical professionals that were inconsistent with his direct-examination testimony, Attorney Glynn disclosed to appellant the contents of each record. (Notes of testimony, 10/11/7 at 83-112.) Therefore, Attorney Glynn complied with Subsection 1 of Pa.R.E. 613(b). Attorney Glynn also complied with Subsection 2 of Rule 613(b) because she gave appellant the opportunity to explain or deny the statements. (*Id.*) Finally, Attorney Glynn complied with Subsection 3 because Attorney Greenfield was given an opportunity to question appellant about the inconsistent statements on redirect examination. (*Id.* at 121-127.) Therefore, appellant's testimony, in which he denied making prior inconsistent statements, was properly admitted for purposes of impeachment pursuant to Rule 613(b).

Finally, we note that with respect to appellant's claim that authentication of appellant's medical records was required, appellant's medical records were not admitted into evidence under Pa.R.E. 803(6), which is the business records exception to the rule against hearsay. Notwithstanding the fact that the medical records were properly used to impeach appellant's direct testimony under Rule 613(b), we note that "a party may introduce medical records as evidence of facts contained therein without producing the person who made the notation in the record or the records custodian." **Folger v. Dugan**, 876 A.2d 1049, 1056 (Pa.Super. 2005) (**en banc**).

Judgment affirmed.

Bender, P.J.E. joins this Memorandum.

Lazarus, J. files a Concurring Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/19